Defendant-appellant, Aaron N. James, appeals prose[1] from a judgment of the Franklin County Court of Common Pleas revoking his participation in the drug treatment in lieu of conviction program and sentencing him to six months in jail.
On April 11, 1995, defendant was indicted on one count of drug abuse in violation of R.C. 2925.11 for having possessed cocaine. On July 18, 1995, defendant filed a motion in the Franklin County Court of Common Pleas requesting treatment in lieu of conviction pursuant to R.C. 2951.041. On January 2, 1996, defendant pleaded guilty to one count of drug abuse, and a hearing was held to determine defendant's eligibility for treatment in lieu of conviction. At the close of the hearing, the trial court found that defendant was eligible for treatment in lieu of conviction. Accordingly, on the following day, the trial court filed an entry granting defendant's request for treatment in lieu of conviction, staying further criminal proceedings, and placing defendant on an indefinite period of rehabilitation, to be supervised by the Probation Services Department of the Franklin County Court of Common Pleas. Defendant subsequently entered a treatment program run by the Columbus Health Department.
In January of 1997, Melissa Shade, the probation officer assigned to supervise defendant, moved to have defendant's participation in the treatment in lieu of conviction program revoked on the grounds that defendant had repeatedly tested positive for cocaine, marijuana, and alcohol; failed to follow through on his drug treatment program; and failed to report to his probation officer on several occasions.
A hearing was scheduled on the motion for 9:00 a.m. on February 13, 1997. Defendant failed to appear at the hearing, and a warrant was issued for his arrest. However, because defendant happened to be in the courthouse representing a client when the hearing was to begin, he was arrested there, and the hearing went forward. At the hearing, defendant contended that he had never received notice of the hearing. The court continued the hearing until March 13, 1997, and then until April 24, 1997.
On April 23, 1997, defendant filed a motion seeking his release from the treatment in lieu of conviction program and the dismissal of the drug abuse charge pending against him on the grounds that he had successfully completed the program.
Beginning on April 24, 1997, a hearing was held before the trial court to determine whether defendant had successfully completed his treatment in lieu of conviction or whether his participation in the program should be revoked for noncompliance. On April 25, 1997, defendant filed a motion to withdraw his guilty plea. At the close of the hearing on April 28, 1997, the trial court found that defendant had failed to comply with the conditions of his treatment program, lifted the stay on the pending criminal charges, and denied defendant's motion to withdraw his guilty plea. On June 23, 1997, defendant was sentenced to six months in prison. Defendant appeals therefrom, assigning the following errors:
 1). The trial court erred in denying the Defendant-Appellant's Motion to terminate treatment in lieu of conviction where the misconduct of the prosecuting attorney, deliberate and unlawful suppression of material exculpatory evidence, materially and prejudicially interfered with the Defendant-Appellant's Fourteenth Amendment Right to Due Process and to a Fair Trial.
 2). The trial court erred in finding Defendant-Appellant guilty of violating the terms and conditions of treatment in lieu because the prosecution employed false testimony and fabricated evidence in violation of Defendant-Appellant's Fourteenth Amendment Right to Due Process and to a Fair Trial.
 3). The trial court erred in denying the Defendant-Appellant's Motion to Withdraw his plea of guilty, prior to sentencing, when the Defendant-Appellant had met his obligation under the plea agreement and the Plaintiff-Appellee failed to meet their obligation under the plea agreement.
 4). The trial court erred in finding the Defendant-Appellant guilty of failing to complete the treatment program and of failing to meet with the probation officer because after the Defendant-Appellant successfully completed the treatment program the trial court lacked jurisdiction to impose additional conditions of probation on the Defendant-Appellant.
 5). The trial court erred in finding the Defendant-Appellant guilty of failing to complete the treatment program because the finding of guilty was based on evidence acquired in violation of the Defendant-Appellant's Fourth Amendment Right to be a Free of Unreasonable Searches and Seizures, after the Defendant-Appellant completed the treatment program and after the trial court no longer had jurisdiction over the Defendant-Appellant.
 6). The trial court erred in finding the Defendant-Appellant guilty and in imposing a sentence of six months in violation of the Defendant-Appellant's Fifth Amendment Right Against Double-Jeopardy which prohibits being subjected to punishment twice for the same offense.
 7). The trial court erred in finding the Defendant-Appellant guilty because the finding was based on a probation officer's attempt to impose additional conditions of probation, outside of court without the Defendant-Appellant's consent, and after the Defendant-Appellant had successfully completed the conditions of the treatment in lieu [of a] plea agreement.
 8). The trial court erred in finding the Defendant-Appellant guilty because neither the Defendant-Appellant nor his counsel were afforded the basic due process requirement of notice.
Preliminarily, defendant has not expressly challenged the trial court's conclusion that he did not successfully complete his drug treatment program as against the sufficiency or weight of the evidence. However, because several of defendant's assignments of error are conditioned upon his assertion that he successfully completed his treatment program, we will begin by addressing that issue.
The determination of whether a defendant granted treatment in lieu of conviction has successfully completed the assigned treatment program is governed by R.C. 2951.041(F), which provides, in relevant part, as follows:
 If the appropriate drug treatment facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated, the court may dismiss the charges pending against the offender. If the facility or program reports to the probation officer that the offender has successfully completed treatment and is rehabilitated or has obtained maximum benefits from treatment, and that the offender has completed the period of rehabilitation and other conditions ordered by the court, the court shall dismiss the charges pending against the offender.
Defendant's assertion that the evidence shows that he successfully completed his treatment program is based upon the testimony and writings of James Ingram, defendant's drug counselor at the Columbus Health Department. According to defendant, Ingram's testimony and various documents completed by Ingram all indicate that Ingram told defendant's probation officer, Melissa Shade, that defendant had successfully completed treatment and that his case would be closed.
On direct examination at defendant's release/revocation hearing, Ingram testified that he telephoned defendant's probation officer on August 23, 1996, and told her that defendant had successfully completed his treatment program, and his case was being closed. However, on cross-examination, Ingram conceded that he only told defendant's probation officer that he was "considering" closing defendant's case; and that when defendant's probation officer responded by telling him that defendant had recently tested positive for alcohol, he decided that defendant should continue in treatment. Further, there was no other evidence indicating that anyone from defendant's treatment program notified defendant's probation officer that defendant had successfully completed his treatment. Consequently, the trial court's determination that defendant had not completed his treatment program was not against the sufficiency or the weight of the evidence.
In his first assignment of error, defendant argues that the prosecution intentionally withheld evidence of defendant's successful completion of his treatment program.
Specifically, defendant contends that the prosecution withheld an "Ohio Department of Alcohol and Drug Addiction Services: Closure/Summary" which indicates that defendant had successfully completed his treatment program with the Columbus Health Department. The Closure/Summary, which was prepared by defendant's drug counselor on August 25, 1996, indicates that defendant's case was closed on August 1, 1996, because defendant had met the goals of the program and had no need for additional services. However, even if we assume that the prosecution intentionally withheld this document from defendant, the misconduct was harmless, as the Closure/Summary was not material to the issue of whether defendant had successfully completed his treatment program.
R.C. 2951.041(F) provides only one means for determining that an offender has successfully completed his treatment program: a "report" so stating from "the appropriate drug treatment facility or program * * * to the [offender's] probation officer." Thus, in the present case, only matters directly conveyed by an official at the Columbus Health Department to defendant's probation officer are relevant to determining whether defendant successfully completed his treatment program. By defendant's own admission, the Closure/Summary was intended to provide statistical information to the Ohio Department of Alcohol and Drug Addiction Services. There is simply no evidence that the Closure/Summary was ever provided to defendant's probation officer.
Defendant's first assignment of error is overruled.
In his second assignment of error, defendant contends that the trial court's determination that he had failed to comply with the conditions of his treatment program was based upon the perjured testimony of defendant's probation officer, Melissa Shade.
Defendant first takes issue with Shade's testimony that defendant did not report to probation officials in June or September 1996, as required by the condition of his treatment plan that he meet with probation officials monthly. According to defendant, the testimony of the Probation Services Department's drug screen specialist, Russell Potter, that he performed drug screens on defendant on June 17, 1996, and September 5, 1996, shows Shade's testimony to be false. Defendant reasons that Potter could not have performed drug screens on defendant in June and September 1996, if he had failed to report to the probation department during those months.
Defendant's reading of Shade's testimony is somewhat distorted. Shade did not testify, as defendant asserts, that defendant never reported to probation officials during the months of June and September 1996. Rather, Shade testified that defendant missed scheduled appointments with probation officials in those months. Specifically, Shade testified that defendant "failed to report to the adult probation department on June 6, 1996; August 8, 1996; September 9, 1996; September 12, 1996; December 5, 1996; January 8, 1997; and February 6, 1997." Further, Shade's testimony that defendant missed two appointments in September 1996 suggests that when defendant missed a scheduled monthly appointment, an effort was made to reschedule that appointment for later that same month. When read in this manner, Shade's testimony that defendant missed appointments with his probation officer on June 6, 1996 and September 9 and 12, 1996, is entirely consistent with Potter's testimony that he performed drug screens on defendant on June 17, 1996, and September 5, 1996.
Defendant also asserts that Shade's testimony that she did not tell defendant's drug counselor to cease treatment when she notified him of her intent to seek a revocation of defendant's treatment in lieu of conviction program was false. According to defendant, the notes of defendant's drug counselor indicate that on December 9, 1996, Shade told him to "hold on additional treatment" for defendant.
Initially, because the edge of defendant's drug counselor's notes was cut off in photocopying, the "hold on additional treatment" language does not appear in the copy of those notes which is contained in the record, and defendant has not supplied this court with a complete copy of those records. Consequently, we are unable to reach any determination regarding defendant's claim. Further, we fail to see what relevance the question of whether Shade told defendant's drug counselor to cease treatment in December of 1996 has on the issue of defendant's compliance with his treatment program prior to that point.
Defendant's second assignment of error is overruled.
Defendant's third assignment of error asserts that the trial court erred in denying defendant's motion to withdraw his guilty plea and impose sentence, given that defendant had successfully completed his treatment program. Defendant's fourth, fifth, and seventh assignments of error assert that the trial court erred in finding that defendant had failed to complete his treatment program when defendant had successfully completed his treatment program. Defendant's sixth assignment of error asserts that the trial court violated the Double Jeopardy Clause of theFifth Amendment to the United States Constitution when it sentenced defendant to jail after he had successfully completed his treatment program. The success of each of these assignments of error is dependent upon defendant having successfully completed his treatment program. Given our conclusion that the trial court's determination that defendant did not successfully complete his treatment program is supported by the evidence, these assignments of error are overruled.
Defendant's third, fourth, fifth, sixth, and seventh assignments of error are overruled.
In his eighth assignment of error, defendant argues that the trial court violated his due process rights by revoking his participation in the treatment in lieu of conviction program when he did not receive notice of the revocation hearing scheduled for February 13, 1997.
The record reveals that following his arrest, defendant protested that he had not received notice of the February 13, 1997 hearing. The court then inquired of defendant's probation officer whether notice had been sent to defendant. Shade responded by telling the court that notice of the hearing had been mailed to defendant at 4659 Refugee Road, Apartment E-2 on February 3, 1997. When defendant acknowledged that the address given by Shade was his address and that he could offer no explanation for his failure to receive the notice, the trial court determined that a presumption of proper notice existed.
Our examination of the record, however, reveals that notice of the February 13, 1997 hearing was mailed to defendant at 2546 Burgandy Lane on January 21, 1997. Thus, it appears that defendant's claim not to have received notice of the February 13, 1997 hearing was well-founded. Still, nothing of substance was done during the February 13, 1997 hearing, and defendant was present when the hearing was first continued until March 13, 1997, and then until April 24, 1997.
The purpose of the requirement that a probationer be given notice of a revocation hearing is to inform the probationer of the claimed violations and to provide him with an opportunity to defend. State v. Stowers (Jan. 31, 1985), Cuyahoga App. No. 48572, unreported. Here, although defendant did not receive notice of the February 13, 1997 hearing, he received actual notice of the basis for the proposed revocation and the subsequent hearing dates. Accordingly, we find no deprivation of defendant's right to due process of law.
Defendant's eighth assignment of error is overruled.
Having overruled each of defendant's eight assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.
[1] Defendant is licensed to practice law in the state of Ohio. However, defendant's license is currently under suspension.